## No. 26704

## The People of the State of Colorado v. De Witt Forsyth
(534 P.2d 1210)

Decided February 24, 1975.

John P. Moore, Attorney General, L. James Arthur, Assistant, for The People of the State of Colorado.

De Witt Forsyth, pro se.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This matter arises as a result of a complaint filed with the Grievance Committee of the Supreme Court of Colorado against the respondent. A formal hearing was held in the above matter at which respondent was present and appeared pro se. After the hearing the committee made findings of fact and recommended the suspension from the practice of law for a period of one year. We agree with this recommendation and order the respondent suspended for a period of one year.

The charges against the respondent consisted of allegations that the respondent, having been employed by William Jackson and James Jackson to represent them in an action pending in the district court in which plaintiffs sought judgment in the sum of $8,438.50 against the complainants here, had failed to appear and represent his clients with the result that a default judgment was taken against complainants.

The hearings committee found that the case came on for trial on November 1, 1971, and since no one was present to represent the complainants, default judgment was entered against them for a total of $9,744.81. The committee further found that the matter had been set for trial several times and was continued by mutual agreement of the attorneys to be reset on notice. The committee found that the respondent testified that he was not aware of the hearing and default judgment until about November 8, 1971 when counsel for the plaintiff so informed him. He then mailed a notice to counsel for the plaintiff that he would appear to set for hearing a motion for a new trial. The respondent did nothing further in this matter until December 30, 1971 and did not set for hearing the motion for new trial.

When the Jacksons were served with a Citation under Rule 69 advising them of the judgment and to appear on March 2, 1972, the Jacksons sought action by the respondent and demanded an explanation of the judgment of which they had no prior knowledge. Thereupon, according to the Jacksons, respondent told them that trial had taken place but that the case was so cut and dried that their presence was not necessary and that he would file a motion for appeal. Respondent denied that he told the Jacksons that he had participated in the trial or was aware of the same. Thereupon, the Jacksons retained other counsel who were suc-

cessful in having the judgment set aside at substantial expense to the complainants, and upon a new trial the cause of action was dismissed. In granting the new trial, the court required the Jacksons to reimburse the plaintiff for counsel fees and other expenses at the trial and the hearing on the motion for new trial.

The committee found that when respondent learned of the adverse judgment, he should have promptly advised the Jacksons what had occurred and taken timely, vigorous and proper action to have the judgment set aside. Instead, he failed to notify these clients and their first knowledge of the trial and judgment was upon service of the Rule 69 Citation upon them. Respondent's action to set aside the judgment and obtain a new trial was not timely, diligent or proper and constituted dereliction of duty to vigorously pursue the matter to a conclusion. The committee further found that the respondent had failed to communicate with his clients, failed to return calls and had made false statements about the trial of November 1, 1971. The committee found that respondent's action constituted a pattern of negligence and inattention to duty, failure to communicate and advise his clients, failure to take requisite action and protect his clients' interests and a lack of knowledge and competence in procedures to accomplish such objectives. We agree with the findings of the committee and we, as did the committee, have reviewed previous disciplinary actions heretofore taken against this respondent in similar types of cases.

We find that the conduct of the respondent was contrary to the highest standards of justice, honesty and morality. A lawyer has an inflexible duty to make and pursue proper and timely action on behalf of his clients. He must always represent truthfully to the client the status of the action which has been entrusted to his care. Failure to communicate with clients is not to be tolerated.

It is therefore ordered that the respondent be suspended from the practice of law for a period of one year from this date, and the respondent is further ordered to be required to reimburse and make restitution to the Jacksons:

(a) Of $202.50, representing the $215 fee paid to him by the Jacksons, less a $12.50 docket fee;

(b) Of $500, representing the fee which the Jacksons paid their new counsel for services in having the default judgment set aside.

It is further ordered that the respondent be assessed the costs of this proceeding, which are in the amount of $94.23, to be paid to the Clerk of this Court within 60 days.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.