## No. 27266

## The People of the State of Colorado v. DeWitt Forsyth

(553 P.2d 392)

Decided August 16, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Edwin L. Felter, Jr., Assistant, for complainant.

No appearance for Attorney Respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is a disciplinary proceeding involving attorney-respondent DeWitt Forsyth. The court en banc has voted to disbar respondent.

A formal complaint by the Attorney General was filed with the Grievance Committee of the Supreme Court containing three counts of alleged misconduct. A formal hearing was held at which the respondent failed to appear. The committee noted that the respondent was under suspension for one year from February 24, 1975 at the time of the hearing. The matters before the committee antedated that suspension date and, if known at the time, could have been included in the prior hearing. All of the actions of respondent related at the hearing culminating in the present

disposition were similar to the conduct leading to respondent's prior suspension and were taken into consideration. See *People v. DeWitt Forsyth,* 187 Colo. 438, 534 P.2d 1210 (1975).

Prior to formal hearing respondent had ignored all previous efforts of the Grievance Committee to contact him. The notice of the hearing date and time was served upon him personally, but respondent did not appear nor was he represented by counsel. Attempts to serve respondent with the final action taken by the committee also have been futile. Further indication that respondent has abrogated his responsibility to the profession is his failure to register either in the year 1975 or 1976 and an order suspending him for that omission also is outstanding.

## COMMITTEE FINDINGS AND CONCLUSIONS

Respondent is approximately 55 years of age and was duly admitted and licensed to practice law by the Supreme Court of the State of Colorado on or about September 20, 1960.

In count No. 1 it was alleged that Norman J. Peterson and Barbara J. Peterson had been sued in the City and County of Denver district court for damages concerning a lease violation. Exhibits and testimony establish that the Petersons paid respondent $250 to defend them. Respondent failed to file an answer or to represent the Petersons in court, though he was urged by the complainants to do so. Default judgment was entered against the complainants which was later set aside following which other counsel was employed by the complainants and paid $600 for services to defend them. Photographic evidence given to the respondent was unavailable at the trial of the case and this necessary proof was considered crucial by the Petersons in their defense of the suit which they lost.

The committee concluded respondent was not only grossly negligent, but was dishonest and possibly intentionally misled the complainants respecting the date of the hearing in court.

In count No. 2 it was alleged that Robert A. Smith paid respondent $60 to represent him in a traffic case in Jefferson County. Although respondent entered an appearance, he failed to notify his client Smith of the date of the hearing and also failed to be present himself on the date of the hearing. This dereliction resulted in a bench warrant being issued for Mr. Smith who was placed in the Jefferson county jail. The respondent was notified and indicated he would obtain release of the complainant from jail. Respondent took no apparent action and late that evening the complainant's father posted bond to effect Smith's release. Different counsel was employed for an additional fee.

Subsequent to this, an action was instituted by Robert A. Smith against the respondent in Jefferson County for costs, embarrassment, humiliation and damages. The respondent made no reply to the complaint and did not appear. Default judgment was entered in favor of complainant in the amount of $2,095.

The testimony and exhibits convinced the committee that the respondent's action and inaction was totally inexcusable and irresponsible and a violation of the Canons of Professional Responsibility for accepting a fee for work he never performed. Respondent's neglect of his client's case further caused great embarrassment, humiliation and additional costs to the complainant. In addition to the foregoing, in post judgment proceedings the respondent was served with an order of court to appear under C.R.C.P. 69(d) to answer concerning his assets on two separate occasions. Both citations were totally ignored.

It was established that the respondent was ordered suspended from the practice of law for a period of one year on February 24, 1975. Thereafter, the respondent failed to notify his clients of his suspension and he failed to file an affidavit with the Supreme Court showing he had complied with C.R.C.P. 255 concerning duties devolved upon disbarred or suspended attorneys.

The committee recommended that respondent be disbarred and that he be assessed the costs of the committee in connection with these proceedings. We concur in those recommendations.

Accordingly, it is the order of the Supreme Court that respondent DeWitt Forsyth be and he is hereby disbarred and his name be stricken from the roll of attorneys.

It is further ordered that respondent pay to the Clerk of this court the sum of $215.70 costs of these proceedings within 30 days.